IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KENNETH GARY COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-241 |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 16.) The Magistrate Judge recommended affirming the Acting Commissioner's final decision that Plaintiff was not disabled during the time period covered by Disability Insurance Benefits because he could perform his past relevant work as a brick handler. (See doc. no. 14.) Plaintiff objects to only the Magistrate Judge's finding that the Administrative Law Judge ("ALJ") did not err in utilizing the testimony of a Vocational Expert ("VE") to determine Plaintiff could perform his past relevant work. (Id. at 20-23.)

Plaintiff argues that the ALJ committed reversible error by failing to consider an alleged conflict between the VE's testimony and the Selected Characteristics of Occupations ("SCO"), a companion volume to the Dictionary of Occupational Titles ("DOT"). Plaintiff has limited depth perception because of poor eyesight in his left eye, which is restricted to

gross acuity. The DOT provides that Plaintiff's prior job of brick handler does not require depth perception, while the SCO states generally that material handling jobs require depth perception. Neither the ALJ nor the VE discussed the SCO, and Plaintiff's counsel did not mention it at the hearing. Based on the DOT's assessment that brick handling does not require depth perception, and also Plaintiff's testimony concerning how he actually performed his prior work of brick handler, the VE testified that Plaintiff could perform his prior work as brick handler.

The ALJ, relying on the VE's testimony, concluded Plaintiff was not disabled because he could return to his past relevant work. Plaintiff argues this disability determination is flawed because the ALJ violated Social Security Ruling 00-4p, which states the ALJ "has an affirmative responsibility to ask about any possible conflict between [the] VE . . . evidence and information provided in the DOT." SSR 00-4p, 2000 WL 1898704, at *4 (Dec. 4, 2000). There are four reasons why Plaintiff's argument fails.

First, Plaintiff's counsel failed to raise the supposed conflict between the DOT and SCO at the hearing. R. 91-99. Second, SSR 00-4p does not apply because it requires that the ALJ consider conflicts between the VE testimony and the DOT, and here the VE's testimony was consistent with the DOT's assessment of brick handling not requiring depth perception. The conflict alleged by Plaintiff is between the DOT and companion SCO, and such a conflict is outside the scope of SSR 00-4p. Third, there is no direct conflict between the DOT and SCO because the DOT states that depth perception is not required specifically with respect to Plaintiff's past job as a brick handler. In contrast, the SCO states that depth perception is required for material handling jobs in general.

2

Finally, the ALJ would not have committed reversible error even if he had violated SSR 00-4p by failing to consider a conflict between the DOT and VE testimony. The longstanding rule in the Eleventh Circuit is that VE testimony trumps the DOT in the event of a conflict, such that an ALJ does not commit reversible error by relying on VE testimony without attempting to resolve the conflict. See Jones v. Apfel, 190 F.3d 1224, 1229-30 (11th Cir. 1999). Because Jones predates SSR 00-4p, Plaintiff argues that the holding in Jones no longer applies. But nothing in SSR 00-4p suggests that VE testimony no longer trumps any conflicting provisions in the DOT, and the Eleventh Circuit squarely rejected Plaintiff's argument in the analogous case of Leigh v. Commissioner of Social Security, 496 F. App'x 973 (11th Cir. 2012).

As here, the plaintiff in Leigh did not identify any conflicts between the VE testimony and DOT during the ALJ hearing, choosing instead to argue on appeal that the ALJ violated SSR 00-4p by failing to resolve an alleged conflict. The Eleventh Circuit disagreed because Plaintiff failed to raise the argument at the ALJ hearing. In addition, the Eleventh Circuit reasoned that "[e]ven assuming . . . there was an inconsistency between the VE's opinion and the DOT, the ALJ did not err in relying on the VE's opinion" because of the holding in Jones that "the testimony of a VE trumps the DOT where there is an inconsistency." Id. at 975. In sum, while Plaintiff is correct that SSR 00-4p requires an ALJ to consider possible conflicts between the DOT and VE testimony, failure to do so does not constitute reversible error in the Eleventh Circuit because VE testimony trumps any conflicting DOT provision.

Plaintiff cites Leonard v. Commissioner of Social Security, 409 F. App'x 298, 301 (11th Cir. 2011), but it (1) merely repeats the general, undisputed proposition that an ALJ must inquire into potential conflicts between the DOT and VE testimony; and (2) accords with the holding in Jones and Leigh that an ALJ may rely on VE testimony even in the event of a direct conflict with

3

the DOT. Plaintiff also cites to three cases from other circuits, (doc. no. 16, pp. 4-5), but they provide no justification for defying Jones and Leigh.

For these reasons, the Court **OVERRULES** the objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **AFFIRMS** the Acting Commissioner's final decision, **CLOSES** this civil action, and **DIRECTS** the Clerk to enter final judgment in favor of the Acting Commissioner.

SO ORDERED this 6th day of January, 2016, at Augusta, Georgia.

---
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA